## ORPHANS' COURT OF BALTIMORE CITY.

Filed October 12, 1894.

Argued before Judges Lindsay, Gans and Edwards.

IN THE MATTER OF THE ESTATE OF ELIZA ANN MATTHEWS, DECEASED.

*W. Burns Trundle* for petitioner.

*Benjamin F. Horwitz* for executor.

GANS, J.—

The Orphans' Court is required to take cognizance of this case because the estate of Eliza Ann Matthews was not fully administered when the account of the executor was passed February 18, 1892.

The funeral expenses ($242.50) which ought to have been first paid, were not paid, nor were the chattels which the executor admits to have sold, sold under an order of the Court. This sale was therefore void, and the chattels so sold are still, in contemplation of law, in the hands of the executor, to be administered in this Court.

In order to obtain money wherewith to pay the funeral expenses, the executor, after passing his account in the Orphans' Court, had recourse to the Court of equity, for the purpose of obtaining an order to sell some real prop-

erty belonging to the estate, but was sent back to complete his administration in this Court, and to exhaust the personal property here, before applying there for the sale of real estate.

It was then, more particularly, as it seems, that the payment of the funeral bill was pressed upon the executor, who, having parted with the personal property, had no means wherewith to pay it, sent the claim to Isaac H. Shirk, one of his bondsmen, who, according to his testimony, which we believe to be true, paid the same, because he felt that he was liable at any rate as bondsman, and desired to avoid a suit thereon.

That a suit could have been entered on such a claim—it not being a debt contracted by the decedent—independently of the requirement set out in Section 105, of Article 93, of the Code, we entertain no doubt, nor do we doubt that the estate of the deceased is liable for the claim, and that it is a preferred one and ought to be paid in full.

And now that it has been paid by the bondsman, in good faith, it is only the simplest dictate of justice that the sum, so paid, should be refunded out of the estate by the executor.

This repayment may not be enforced in this Court, nor may this Court have the jurisdiction to determine the precise time when the partnership theretofore existing between the said Matthews and Shirk was dissolved, nor the state of the account as to the obligation of one to the other, pecuniarily, so as to determine whether the sum which he, the said Shirk, paid for the funeral expenses was standing to the credit of Matthews, and in this way repaid, which it is contended was the case. However this may be in fact, these and such points lie beyond this Court, and can only be determined in a Court of law.

There is, however, no doubt that the selling of property by an executor without the order of this Court first had and obtained, is a legal cause for the revocation of the executorship; and even though in the Act of 1843; authorizing the revocation of letters in such cases, the word "may" should not be construed to mean "shall," the present case is such as, in our judgment, to demand of the Court to order that the letters be revoked. Only thus can the way be fully opened for the speedy settlement of the estate and the accomplishment of substantial justice.

It is, therefore, this 12th of October, 1894, ordered and decreed that the letters testamentary heretofore granted to Edward N. Matthews be and the same are hereby revoked, and that the costs be paid out of the estate.